# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00399-CV

**Gerald Froemming, D.D.S., Texas Dental License No. 12286, Appellant**

**v.**

**Texas State Board of Dental Examiners, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-10-003544, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## O P I N I O N

Appellant Gerald Froemming, D.D.S., appeals a district court judgment affirming a final order of the Texas State Board of Dental Examiners (the Board). The Board's order found Froemming in violation of the Texas Dental Practice Act and the Board's rules and revoked his license to practice dentistry in the State of Texas. *See generally* Tex. Occ. Code Ann. §§ 251.001-276.006 (West 2012). In three issues, Froemming contends that the district court erred in affirming the Board's final order. We will affirm the district court's judgment.

## BACKGROUND

Prior to the disciplinary action from which this appeal arose, Froemming was a dentist, licensed by the Board on September 24, 1979.[1] In 2009, the Board brought a disciplinary

---

[1] The facts recited herein are taken from the administrative record, which was admitted as an exhibit by the district court and which includes the pleadings filed in the contested case and the

action against Froemming by filing a complaint with the State Office of Administrative Hearings (SOAH). *Id*. § 263.003 (providing that when Board seeks to revoke license, person is entitled to hearing under chapter 2001 of government code); 22 Tex. Admin. Code § 107.23 (2012) (Tex. State Bd. of Dental Exam'rs, Commencement of Formal Disciplinary Proceedings) (providing that formal disciplinary proceedings are initiated by Board's filing of public formal complaint). In its complaint, the Board alleged that Froemming had twice entered into agreements to charge patients a certain amount for orthodontic services and then later attempted to increase the amount charged. The Board also alleged that Froemming had abandoned patients by failing to continue treatment due to balances owed for services. Based on Froemming's past disciplinary history, as set out in prior orders issued by the Board and attached to its complaint, the Board's staff sought revocation of Froemming's license.

On April 5, 2010, an administrative law judge (ALJ) conducted an evidentiary hearing. After the record was closed, the ALJ issued a proposal for decision, concluding that Froemming had engaged in unprofessional and dishonorable conduct in the billing of services for patients M.E. and F.S., in violation of Texas Occupations Code Section 259.008(1) and Texas Administrative Code Sections 108.2(e) and 109.103. Tex. Occ. Code Ann. § 259.008(1) (providing that person may not engage in unprofessional conduct by attempting to collect fee by fraud or misrepresentation); 22 Tex. Admin. Code § 108.2(e) (2012) (Tex. State Bd. of Dental Exam'rs, Fair Dealing) (providing

---

exhibits admitted at the contested-case hearing. *See* Tex. Gov't Code Ann. § 2001.060 (West 2008). According to the parties, no transcript or recording of the hearing was made. *See id*. § 2001.059 (West 2008) ("On the written request of a party to a contested case, proceedings, or any part of the proceedings, shall be transcribed.").

that dentist shall not "flagrantly or persistently overcharge . . . a patient"); 22 Tex. Admin. Code § 109.103 (2001) (Tex. State Bd. of Dental Exam'rs, Professional Responsibility) *repealed and moved to* 22 Tex. Admin. Code § 108.3, 26 Tex. Reg. 1494 (2001) (a dentist's professional responsibility includes compliance with the Dental Practice Act and Board's rules). The ALJ also concluded that Froemming had abandoned M.E., a minor patient, in violation of Texas Administrative Code Sections 108.5 and 108.7. 22 Tex. Admin. Code §§ 108.5 (Tex. State Bd. of Dental Exam'rs, Patient Abandonment), 108.7 (2012) (Tex. State Bd. of Dental Exam'rs, Minimum Standard of Care).

With respect to the appropriate sanction against Froemming, the ALJ explained in the proposal for decision that revocation, as requested by the Board, was "too harsh a penalty." The ALJ reasoned that while Froemming was on probation at the time of the hearing and would remain on probation until August 19, 2010, he had committed only one of the violations while on probation. In conclusion of law number 7, the ALJ stated that the Board should instead revoke Froemming's current probation of his license suspension and impose an additional probated five-year suspension after August 19, 2010.

The Board subsequently filed exceptions to the proposal for decision, arguing that conclusion of law number 7 should be reclassified as a recommendation. *See* Tex. Gov't Code Ann. § 2001.062 (West 2008) (providing that proposal for decision may be amended in response to exceptions submitted by parties). In response to the Board's exceptions, the ALJ issued a letter opinion agreeing that conclusion of law number 7 should be reclassified as a recommendation. On August 20, 2010, the Board issued its order, which adopted all of the ALJ's findings of fact and remaining conclusions of law, vacated conclusion of law number 7, and revoked Froemming's license.

3

After exhausting his administrative remedies before the Board, Froemming sought judicial review of the Board's final order in district court, which affirmed the Board's order in full. *See* Tex. Gov't Code Ann. § 2001.171 (West 2008). On appeal, in three issues, Froemming challenges the Board's decision to reject the ALJ's recommendation to impose a five-year probated suspension and instead impose the harsher sanction of revocation.

## STANDARD OF REVIEW

Our review of the Board's final order is governed by the "substantial evidence" standard of the Texas Administrative Procedure Act (APA). *See id*. § 2001.074 (West 2008). This standard requires that we reverse or remand a case for further proceedings "if substantial rights of the appellant have been prejudiced because the administrative findings, conclusions, or decisions" are (A) in violation of a constitutional or statutory provision, (B) in excess of the agency's statutory authority, (C) made through unlawful procedure, (D) affected by other error of law, (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole, or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *Id*. § 2001.174(2)(A)-(F).

On appeal from the district court's judgment, the focus, as in the district court, is on the Board's decision. *See Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 562 (Tex. 2000). With respect to subparagraph (E), the test is not whether we believe the Board reached the correct conclusion, but whether the agency's factual findings are reasonable "in light of the evidence from which they were purportedly inferred." *Granek v. Texas State Bd. of Med. Exam'rs*, 172 S.W.3d 761, 778 (Tex. App.—Austin 2005, no pet.). Thus, we will sustain the Board's action if the evidence as

4

a whole is such that reasonable minds could have reached the conclusion that the Board must have reached in order to justify its action. *Texas State Bd. of Dental Exam'rs v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988). We presume that the Board's order is supported by substantial evidence, and Froemming, as the party appealing the order, has the burden to prove otherwise. *Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). Further, we may not substitute our judgment for that of the Board on the weight of the evidence on matters committed to agency discretion. *See* Tex. Gov't Code Ann. § 2001.174; *Pierce v. Texas Racing Comm'n*, 212 S.W.3d 745, 751 (Tex. App.—Austin 2006, pet. denied).

## DISCUSSION

**Modification of conclusion of law number 7**

In his first issue, Froemming argues that the Board improperly rejected the ALJ's conclusion of law number 7 because, in doing so, the Board failed to comply with rule 107.51 of the Texas Administrative Code. 22 Tex. Admin. Code § 107.51 (2012) (Tex. State Bd. of Dental Exam'rs, Findings of Fact and Conclusions of Law).

Rule 107.51(a) provides that the Board may change a finding of fact or conclusion of law made by an ALJ if the Board determines that: (1) the ALJ improperly applied or interpreted the law, agency rules, written policies, or prior administrative decisions; (2) the ALJ relied on a prior administrative decision which is incorrect or should be changed; or (3) a finding of fact contains a technical error which should be changed. *See* 22 Tex. Admin. Code § 170.51(a); *see also* Tex. Gov't Code Ann. § 2001.058(e) (West 2008). In addition, under rule 107.51(b), the Board must

5

explain with particularity the specific reason and legal basis for any change made. *Compare* 22 Tex. Admin. Code § 170.51(b) *with* Tex. Gov't Code Ann. § 2001.058(e).[2]

Froemming asserts that rule 107.51 was not satisfied because the Board never found that the ALJ committed any error under rule 107.51(a) but instead simply ignored the recommendation of the ALJ. Further, Froemming argues that the Board failed to satisfy rule 107.51 because it failed to explain in writing its reasons for rejecting the ALJ's recommendation concerning the sanction. In response, the Board argues rule 107.51 is not implicated by its decision in this case because the ALJ merely issued a recommendation regarding the appropriate sanction, not a conclusion of law or finding of fact that is presumptively binding on the Board. In the alternative, the Board argues that even if rule 107.51 does apply, the Board properly explained its rationale by stating the specific reason and legal basis for its ruling.[3]

---

[2] Section 2001.058(e) of the Texas Administrative Procedures Act provides:

A state agency may change a finding of fact or conclusion of law made by the administrative law judge, or may vacate or modify an order issued by the administrative judge, only if the agency determines:
(1) that the administrative law judge did not properly apply or interpret applicable law, agency rules, written policies provided under subsection (c), or prior administrative decision;
(2) that a prior administrative decision on which the administrative law judge relied is incorrect or should be changed; or
 (3) that a technical error in a finding of fact should be changed.

Tex. Gov't Code Ann. § 2001.058(e) (West 2008).

[3] As explained by the Board, while Froemming solely argues that the Board failed to comply with rule 107.51, this argument also implicates the Board's discretion under Section 2001.058(e) of the Texas Administrative Procedure Act (APA). *See* Tex. Gov't Code Ann. § 2001.058(e) (West 2008). Section 2001.058(e) provides the general rule that guides an agency's discretion when making changes to an ALJ's findings of fact or conclusions of law. While in some cases an agency's discretion under section 2001.058 is superseded by legislative enactment, we do not find that

6

In essence, the Board argues that the ALJ's label of "recommendation" removes any limit on its discretion to change or modify the ALJ's penalty recommendation. We disagree that the labeling of the ALJ's proposed sanction as a "recommendation" rather than as a "finding of fact" or a "conclusion of law" ultimately determines its binding effect. While this Court has previously recognized that an agency, like the Board, is not required to give "presumptively binding" effect to an ALJ's recommendation regarding sanctions in the same manner as with other findings of fact and conclusions of law, we have nevertheless analyzed whether the requirements of section 2001.058(e) of the APA have been met.[4] *See Granek*, 172 S.W.3d at 781; *see Texas State Bd. of Dental Exam'rs v. Brown*, 281 S.W.3d 692, 697 (Tex. App.—Corpus Christi 2009, pet. denied) (noting that disciplinary recommendation implicated section 2001.058(e) despite noting that Board was not required to give "presumptively binding effect" to sanction recommendation). In any event, we need not decide whether the Board's decision to modify the ALJ's sanction recommendation directly

2001.058 is superseded in this case. *Cf. State v. Mid-South Pavers, Inc.*, 246 S.W.3d 711, 721 (Tex. App.—Austin 2007, pet. denied) (concluding that section 201.112(c) of the transportation code superseded section 2001.058(e) of the government code). Instead, as the Board points out, rule 107.51 and section 2001.058(e) are substantially similar, such that the Board's discretion to change or modify a proposal for decision under rule 107.51 is consistent with the Board's discretion under section 2001.058(e). Therefore, a determination that the Board complied with rule 107.51 is necessarily a determination that the Board also complied with section 2001.058(e) of the APA.

[4] Further, the propriety of distinguishing an ALJ's recommendation regarding sanctions from other findings of fact and conclusions of law, as urged by the Board, has recently been called into question by a leading commentator in Texas administrative law. Ron Beal, *Contested Cases Under the Texas Administrative Procedure-Act-Selected Issues: Ex Parte Contacts and Disciplinary Rule 3.05; the Breadth of the Agency Record; ALJ Findings Related to Proposed Sanctions; and the Power of an Agency to Modify*, 12 Tex. Tech. Admin. L. J. 223, 278 (2011) ("There is no question all changes to the order must be justified, and therefore, it is irrelevant whether a sanction is a finding of fact or one of law or otherwise.").

implicates the requirements of rule 107.51.[5]  Because the Board complied with the requirements of

the rule, it was authorized to modify the sanction recommendation.  *See Pierce*, 212 S.W.3d at 754

n.7 (upholding racing commission's rejection of ALJ's penalty recommendation and concluding that

racing commission complied with section 2001.058(e) of APA).

In rejecting the ALJ's recommendation to suspend Froemming's license, the Board

explained in its order that:

> The Board considers aggravating and mitigating circumstances in determining an appropriate sanction, including the prior disciplinary action, prior violations of a similar nature, and attempts to circumvent a statute or board rule.  In this case, Respondent has been sanctioned four times in the past for violations of the Dental Practice Act and Board rules (board order dated August 19, 2005[;] October 31, 2003; August 23, 2002[;] and April 25, 1997), was on probation from this last board order until August 19, 2010, and was on probation for prior violations of similar nature.  Respondent entered into Agreed Settlement Orders for those violations.

In other words, the Board determined that the ALJ failed to properly consider prior disciplinary

actions and violations, and thus her sanction recommendation was inconsistent with the Board's

adopted disciplinary guidelines and rules.  *See* 22 Tex. Admin. Code § 107.202 (2012) (Tex. State

Bd. of Dental Exam'rs, Disciplinary Guidelines and Administrative Penalty Schedule) (providing

that Board determines penalty based on certain criteria, including history of previous violations);

22 Tex. Admin. Code § 107.203(a) (2012) (Tex. State Bd. of Dental Exam'rs, Aggravating and

Mitigating Factors) (providing that aggravating factors considered by Board in disciplinary actions

include prior violations and disciplinary actions).  The essence of the Board's written explanation

---

[5] We also do not decide whether the Board's decision to modify the ALJ's sanction recommendation directly implicates section 2001.058(e) of the APA.  *See supra* n.3.

8

is that the ALJ failed to properly "apply or interpret applicable law, agency rules, and written policies" regarding sanctions. *See* 22 Tex. Admin. Code § 107.51(a)(1); *Pierce*, 212 S.W.3d at 752. Therefore, even if the ALJ's conclusion regarding the appropriate sanction implicates rule 107.51, we conclude that the Board provided a specific reason and legal basis for its action and thus met the rule's requirements allowing for modification. Froemming's first issue on appeal is overruled.

**Substantial Evidence**

In his second issue on appeal, Froemming contends that because "there was no evidence for the aforementioned rulings of the Agency, the only inference is that the Agency ruling was either arbitrary or capricious or characterized by abuse of discretion or was a clearly unwarranted exercise of discretion."

Under the Dental Practice Act, the legislature has delegated broad authority to the Board to adopt and enforce rules necessary to ensure compliance with state laws relating to the practice of dentistry and to protect public health and safety. Tex. Occ. Code Ann. § 254.001. Further, the Board is vested with the authority and discretion to take disciplinary action, including revocation or suspension of a license, if, among other things, a licensee practices dentistry in a manner that constitutes dishonorable conduct or violates a law relating to the regulation of dentistry. *Id*. § 263.002(a)(3), (10). By rule, the Board has provided that in any disciplinary proceeding it may consider aggravating factors, such as harm to one or more patients, violation of a Board order, prior similar violations, and previous disciplinary action by the Board. 22 Tex. Admin. Code § 107.203. As a result, the Board has wide discretion to determine what constitutes an appropriate sanction in individual contested cases. *See also id*. § 100.20 (2012) (State Bd. of Dental Exam'rs, Final Board

9

Decisions in Contested Cases) ("The Board welcomes recommendations of administrative law judges as to the sanctions to be imposed, but the Board is not bound by such recommendations.").

According to the Board's explanation, its decision to reject the ALJ's sanction recommendation was based on Froemming's disciplinary history. Upon review of the record, we conclude that Froemming's disciplinary history, as summarized in the Board's explanation, is supported by and is consistent with the disciplinary history presented in the proposal for decision and adopted by the Board. According to the proposal for decision, Froemming's disciplinary history "includes Agreed Settlement Orders between the Board and [Froemming] dated April 25, 1997; August 23, 2002; October 31, 2003; and August 19, 2005. [Froemming] is currently on probation until August 19, 2010." Further, the ALJ found that one of the conditions of the Board's 2005 order was that Froemming would abide by the laws of the State of Texas, the Dental Practice Act, and Board rules. Froemming has not challenged the Board's findings with regard to his disciplinary history and has failed to present any record of evidence suggesting that a lesser sanction was more appropriate. In addition, the disciplinary history summarized in the Board's order is consistent with the Board's remaining factual findings. *See Granek*, 172 S.W.3d at 781-82 (finding that Board's explanation for rejecting sanction violated section 2001.058(e) where explanation was not supported by Board's findings and several findings were contradictory to explanation).

The Board's explanation and summary of Froemming's disciplinary history are also supported by the evidence. The Board's prior orders on disciplinary actions against Froemming were admitted as exhibits at the hearing. These orders support and are consistent with the disciplinary history presented in the Board's explanation and demonstrate that, at the time of the hearing,

10

Froemming had been sanctioned four previous times for violations of the Dental Practice Act and the Board's rules. For example, according to the Board's 2005 Agreed Settlement Order, the Board found that in 2002 Froemming had "abandoned patient P.H. when he refused to continue treatment due to a balance owed for services." *See* 22 Tex. Admin. Code §§ 108.5, 108.7. Similarly, the Board found that in 2004 Froemming had abandoned a patient and "acted dishonorably when he refused to see or communicate with the patient at all due to a balance owing for services." *See id.* § 108.5. Finally, according to the 2005 Agreed Settlement Order, in 2003 Froemming "fell below the minimum standard of care in refusing to remove patient P.H.'s orthodontic appliances on request and after completion of orthodontic treatment, until the patient purchased retainers." *See id.* § 108.7. This evidence supports the Board's determination that, at the time of the hearing, Froemming was on probation "for prior violations of a similar nature."

In conclusion, we find that the Board's decision to modify the sanction recommendation presented in conclusion of law number 7 was supported by substantial evidence. In addition, the record fails to demonstrate that the Board exceeded its authority or was arbitrary or capricious in determining that the ALJ had failed to "properly apply or interpret applicable law, agency rules, and written policies" with regard to the appropriate sanction in this case. *See Pierce*, 212 S.W.3d at 753-54 (concluding that racing commission did not exceed its authority or abuse its discretion in modifying ALJ recommendation as to penalty for horse racing violations). Froemming's second issue on appeal is overruled.[6]

---

[6] To the extent the argument presented by Froemming in his second issue on appeal could be construed as an argument that the Board's findings of underlying fact or conclusions of law are

**Due Process and Equal Protection**

In his final issue on appeal, Froemming asserts that the Board's order denies Froemming due process of law and the right to equal protection under the law, as guaranteed by the federal and Texas constitutions, because "no evidence was ever presented [to] or considered by the Board to revoke the license of Froemming." To the extent that Froemming's constitutional arguments are premised on his assertion that the record does not support the Board's decision to modify the ALJ's penalty recommendation, we have already determined that it does. Further, because Froemming provides no supporting arguments, authorities, or citation to the record, this argument is waived as inadequately briefed. *See* Tex. R. App. P. 38.1(I) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record). Froemming's third issue on appeal is overruled.

## CONCLUSION

Having disposed of all of Froemming's issues on appeal, we affirm the trial court's judgment, upholding the Board's order in full.

---

not supported by the record and thus they do not adequately support the Board's decision to revoke his license, we find that Froemming has failed to preserve this argument for appeal. *Suburban Utility Corp. v. Public. Util. Comm'n*, 652 S.W.2d 358, 365 (Tex. 1983) (to preserve error as to agency order, party's complaint must be asserted in timely filed motion for rehearing and must be sufficiently definite to provide agency notice of claimed error). For each contention of error, the motion must set forth (1) the fact finding, legal conclusion, or ruling complained of and (2) the legal basis for that complaint. *See Hamamcy v. Texas State Bd. of Med. Exam'rs*, 900 S.W.2d 423, 425 (Tex. App.—Austin 1995, writ denied). In his motion for rehearing, Froemming's sole challenge was to the Board's decision to reject the ALJ's sanction recommendation.

_____

                    Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

Affirmed

Filed:   June 1, 2012

13