# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00190-CV

---

**Texas Health and Human Services Commission, Appellant**

**v.**

**Anna Marroney, Appellee**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-001851, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This is a suit for judicial review of the Health and Human Services Commission's denial of a claim for Medicaid benefits filed on behalf of Anna Marroney following her debilitating stroke. The district court reversed the denial order and remanded Marroney's application for reconsideration by the Commission, which timely perfected this appeal. We will affirm.

### BACKGROUND

The relevant facts are largely undisputed. In July of 2015, Marroney was admitted to inpatient rehabilitative care at Mansfield Plaza after suffering a stroke. Her treating physician has described Marroney as "totally incapacitated and incompetent" and as lacking the ability to manage her affairs from the date of her admission to Mansfield Plaza through December 1, 2016, the only dates at issue in this appeal.

A representative for Marroney filed the first application for Medicaid benefits in October of 2015, seeking coverage for the rehabilitative care Mansfield Plaza had provided and would continue to provide Marroney. To qualify for benefits, Marroney would have to show that her financial resources did not exceed $2,000. *See* 1 Tex. Admin. Code § 358.321 (Tex. Health & Human Servs. Comm'n, General Treatment of Resources) (incorporating eligibility criteria set forth in 20 C.F.R. § 416.1205). After concluding that the cash value of Marroney's life insurance policies exceeded that amount,[1] the Commission denied the application. Marroney's representative requested a fair hearing—an appeal before one of the Commission's hearing officers—arguing that these assets should not be deemed "resources" given Marroney's incapacitated state and the fact that no one else could liquidate the insurance policies. The hearing officer ordered an accounting and ultimately denied the appeal in November of 2016, explaining that the assets would be classified as "resources" for eligibility purposes until a court found Marroney incompetent and appointed a representative to manage her finances.

Meanwhile, Marroney's representative had petitioned a probate court to appoint a guardian over Marroney's person in May of 2016. The court appointed an attorney to assist Marroney. As the parties describe it, there was some ensuing confusion due to recent changes to the laws governing guardianship. *See generally* Act of May 29, 2015, 84th Leg., R.S., ch. 214, §§ 1–23, 2015 Tex. Gen. Laws 1291, 1291–1302 (codified in scattered sections of Estates Code). The revised law, effective beginning September 1, 2015, requires an attorney or guardian ad litem to explore "all alternatives to guardianship" upon the filing of a petition. *See* Tex. Est. Code

---

[1] The cash-surrender value of the life insurance policies varied over the course of this dispute. The Commission calculated a combined value of all Marroney's assets of less than $7,000 on January 4, 2017.

2

§§ 1054.001 (requiring appointment of attorney ad litem); .004 (outlining duties of attorney ad litem); .051 (allowing appointment of guardian ad litem); .151 (requiring court-appointed investigation of alternatives to guardianship). The court may only grant the petition if clear and convincing evidence reveals that alternatives were explored and deemed not feasible. *See id.* § 1054.101. The court appointed a guardian ad litem in August to research alternatives.

In November, shortly after the Medicaid hearing officer's ruling and with the petition for guardianship over the person still pending, the representative filed a petition for temporary guardianship over Marroney's estate. *See id*. § 1101.101(a)(2) (setting forth certain findings as prerequisites to appointment of guardian). Upon review of the guardian ad litem's conclusions, the probate court granted the petition for temporary guardianship of the estate. The court's order found that all statutory prerequisites to appointment were satisfied and that Marroney was incapacitated. The temporary guardian of the estate then liquidated the life insurance policies and used the resulting sum to pay Marroney's outstanding financial obligations. She subsequently filed a final accounting reflecting the exhaustion of all assets by November 30.

With Marroney's assets now exhausted, and on the request of Marroney's representative, the Commission reopened the application for benefits and held a second fair hearing on January 4, 2017. The hearing officer determined that Marroney became eligible for benefits on December 1, 2016, but the officer sustained earlier determinations regarding her eligibility prior to that date. A motion for rehearing was denied by operation of law.

Marroney timely filed suit for judicial review of the Commission's order under Section 2001.171 of the Administrative Procedure Act (APA). *See* Tex. Gov't Code § 2001.171 (providing cause of action to aggrieved persons where all administrative remedies are exhausted). Her representative argued that the order was unsupported by substantial evidence in that Marroney

3

was incapacitated as of July 21, 2015, had no access to any financial resources thereafter, and should have been deemed eligible for benefits when the first application was filed in October of 2015. She argued in the alternative that the Commission had violated the Americans with Disabilities Act, 42 U.S.C. § 12132, by denying the requested benefits. The district court reversed the agency's order and remanded to the Commission for further proceedings without providing any specific basis for the reversal. Neither party requested findings of fact or conclusions of law.

## LEGAL STANDARDS

Congress implemented Medicaid to assist states in providing financial assistance to certain individuals "whose income and resources are insufficient to meet the costs of necessary medical services." *Id*. § 1396-1. Although most funding is provided by the federal government, each participating state "is responsible for determining eligibility for all individuals applying for or receiving benefits . . . and for [conducting] fair hearings" regarding any dispute over benefits. 42 C.F.R. § 431.10(b)(3). The Texas Legislature delegated that responsibility to the Commissioner of Health and Human Services, who promulgated rules adopting certain Social Security criteria to determine eligibility for Medicaid benefits. *See* Tex. Hum. Res. Code § 32.04242 (requiring Commissioner to adopt eligibility and reimbursement rules); 1 Tex. Admin. Code § 358.321 (Tex. Health & Human Servs. Comm'n, General Treatment of Resources) (incorporating eligibility criteria set forth in 20 C.F.R. § 416.1205).

As relevant here, an applicant "is eligible for benefits . . . if his or her nonexcludable resources do not exceed [$2,000.00] and all other eligibility requirements are met." *See* 20 C.F.R. § 416.1205. A resource is "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her

4

support and maintenance." *Id.* § 416.1201(a); *see also* 1 Tex. Admin. Code § 358.321 (Tex. Health & Human Servs. Comm'n, Ownership Interest and Legal Right to Access a Resource) (incorporating 20 C.F.R. § 416.1201(a)). An asset is included in the eligibility calculation "[i]f the individual has the right, authority[,] or power to liquidate the property or his or her share of the property." 20 C.F.R. § 416.1201(a)(1). "If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse)." *Id.* "If a person's countable resources exceed the resource limit as of 12:01 a.m. on the first day of the month, the person is not eligible for the entire month." 1 Tex. Admin. Code § 358.321(c) (Tex. Health & Human Servs. Comm'n, Ownership Interest and Legal Right to Access a Resource).

"If the law authorizes review of a decision in a contested case under the substantial evidence rule or if the law does not define the scope of judicial review, a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence." Tex. Gov't Code § 2001.174. Instead, the court:

> (1) may affirm the agency decision in whole or in part; and
>
> (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> > (A) in violation of a constitutional or statutory provision;
> >
> > (B) in excess of the agency's statutory authority;
> >
> > (C) made through unlawful procedure;
> >
> > (D) affected by other error of law;
> >
> > (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
> >
> > (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

5

*Id.* The burden falls on the party challenging the disputed administrative order to demonstrate a basis for reversal. *See Froemming v. Texas State Bd. of Dental Exam'rs*, 380 S.W.3d 787, 791 (Tex. App.—Austin 2012, no pet.); *Pierce v. Texas Racing Comm'n*, 212 S.W.3d 745, 751 (Tex. App.—Austin 2006, pet. denied).

## DISCUSSION

The Commission challenges the district court's reversal of the order denying Marroney's application for benefits, arguing its order: (1) is supported by substantial evidence; (2) is not arbitrary or capricious; (3) contains no errors of law; and (4) results from the proper exercise of the Commission's statutory duties. Because it is dispositive of this appeal, we will address only the first argument. *See* Tex. R. App. P. 44.1.

The Commission contends substantial evidence supports the denial of benefits prior to December 1, 2016, because the probate court did not find Marroney incapacitated until it appointed a temporary guardian over the estate on November 15, 2016, and because Marroney had more than $2000 in resources until shortly thereafter. Marroney disagrees, arguing that the order's findings of fact and conclusions of law contradict the record and that the order is therefore unsupported by substantial evidence. We agree with Marroney.

In conducting substantial-evidence review, the reviewing court must ask not whether the agency reached the correct conclusion but whether the record contains sufficient evidence to support the agency's action. *Larimore v. Employees Ret. Sys.*, 208 S.W.3d 511, 522 (Tex. App.—Austin 2006, pet. denied). With respect to fact-bound determinations, we may not substitute our judgment for that of the agency but must determine whether, considering the reliable and probative evidence in the record as a whole, some reasonable basis exists in the record for the

6

agency's action. *See* Tex. Gov't Code § 2001.174(2)(E); *Texas Indus. Energy Consumers v. CenterPoint Energy Hous. Elec., LLC*, 324 S.W.3d 95, 105 n.60 (Tex. 2010). "Thus, the agency's action will be sustained if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action." *Texas Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 453 (Tex. 1984).

The parties do not dispute the value of Marroney's assets but disagree as to whether those assets should be considered "resources" used to calculate eligibility from the time of her first application for benefits in October of 2015 until December 1, 2016, the date the Commission found her eligible for Medicaid benefits. The Commission resolved this question in the affirmative, emphasizing that "the [probate] court did not adjudge her to be incompetent . . . until November 15, 2016," and therefore concluding that Marroney had access to and control over her assets until that time. Mindful that we must examine the record as a whole when conducting substantial-evidence review, *see* Tex. Gov't Code § 2001.174(2)(E), we look to the evidence before the Commission to evaluate its characterization of the probate court's order and its conclusions regarding Marroney's capacity.

We begin by reviewing the findings in the probate order cited by the Commissioner as evidence of capacity. The probate court did not find that Marroney ***became*** incapacitated on November 15, 2016. It simply stated: "There is substantial evidence that Anna Marroney ***is*** an incapacitated person." (Emphasis added.) The order does not specify the date on which Marroney became incapacitated but explains that the incapacitation finding was based on "the evidence and arguments of counsel." The only evidence and arguments presented to that court reflect Marroney's continuous state of incapacitation beginning with her admission to Mansfield Plaza and persisting through the period at issue here. Her treating physician attested, "Since at least

7

July 21, 2015, Ms. Marroney has been incapacitated and unable to handle/understand/communicate her affairs . . . ." The physician corroborated his statement with an evaluation conducted upon Marroney's admission to the facility indicating extensive cognitive impairment and a subsequent evaluation indicating no significant improvement in cognitive function. The same evidence was presented to the Commission as part of the disputed Medicaid application. At the fair hearing in January of 2017, Commission staff offered no contravening evidence regarding the date of incapacitation and did not suggest Marroney regained capacity at any point during the contested period. Based on this record, a reasonable mind could only conclude that Marroney was incapacitated from the date of her admission to Mansfield Plaza through her qualification for benefits on December 1, 2016.

Due to her incapacitated state, Marroney's assets could not constitute "resources" for determining Medicaid eligibility. Under applicable Commission regulations, assets are only resources if the applicant or a representative has "the right, authority[,] or power to liquidate" those assets. *See* 20 C.F.R. § 416.1201(a)(1); 1 Tex. Admin. Code § 358.321 (Tex. Health & Human Servs. Comm'n, Ownership Interest and Legal Right to Access a Resource) (incorporating 20 C.F.R. § 416.1201(a)). "If a property right cannot be liquidated, the property will not be considered a resource . . . ." 20 C.F.R. § 416.1201(a)(1). Implicit in the probate court's finding of incapacitation is that Marroney "totally lacked capacity . . . to manage her property." *See* Tex. Est. Code § 1101.101(2) (setting forth certain findings as prerequisites to appointment of guardian); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (inferring findings underlying judgment). Marroney therefore had no power to liquidate her assets until the probate court appointed a temporary guardian of the estate in November of 2016.

8

Moreover, it is undisputed that Marroney's "property right[s] [could] not be liquidated" by anyone else during the period at issue here. *See* 20 C.F.R. § 416.1201(a)(1). The Commission contends that—even assuming Marroney herself had no power to liquidate her assets—her attorney ad litem or guardian ad litem should have liquidated those assets. This argument is inconsistent with the record before the agency. At the fair hearing, Marroney's counsel presented financial documents and correspondence revealing that these representatives had repeatedly tried to liquidate and exhaust Marroney's assets so that she might qualify for Medicaid benefits. But in part due to uncertainty regarding the revised guardianship laws, the guardian ad litem was unable to do so. As her counsel summarized it, with Marroney incapacitated and her representatives unable to dispose of the life insurance policies, "[t]here was nobody with access to or the ability to spend down" her assets. The Commission provided no evidence to the contrary, instead conceding that its staff had not reviewed the updated record before recommending denial of the most recent application for benefits. Thus, because Marroney's assets could not be liquidated during most of the disputed period, those assets could not satisfy the regulatory definition of "resources" during that time.[2] Any conclusion to the contrary is unsupported by the evidence before the agency.

Because the Commission's characterization of the disputed assets is irreconcilable with the record as a whole, *see* Tex. Gov't Code § 2001.174(2)(E), its order is not supported by

---

[2] *See Miranda v. Barnhart*, No. CIV.A.SA00CA1195EPNN, 2002 WL 1492202, at *4–6 (W.D. Tex. Mar. 29, 2002) (reversing denial of benefits, under same set of regulatory definitions, where agency construed a $4000 half-interest in property as "resources" notwithstanding undisputed evidence that property could not, in fact, be liquidated during period at issue (citing 20 C.F.R. § 416.1201)).

substantial evidence.  The district court therefore did not err in reversing that order and remanding the dispute to the Commission for further proceedings.

## CONCLUSION

Having found no error in the district court's final judgment reversing the Commission's denial order and remanding Marroney's application for benefits, we affirm the judgment.

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   May 24, 2019