ACCEPTED
15-25-00026-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/10/2025 4:03 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00026-CV**

In the Fifteenth District Court of Appeals, Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/10/2025 4:03:55 PM
CHRISTOPHER A. PRINE
Clerk

DR. ERIC VANDERWERFF, D.C.,
*Appellant,*

v.

TEXAS DEPARTMENT OF INSURANCE – DIVISION OF WORKERS' COMPENSATION, DWC, AND DWC COMMISSIONER JEFF NELSON, IN HIS OFFICIAL CAPACITY,
*Appellees.*

On Appeal from the 250th District Court of Travis County, Texas
The Honorable Karin Crump, Presiding

### APPELLEES' BRIEF

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

LAUREN MCGEE
State Bar No. 24128835
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
Lauren.McGee@oag.texas.gov

ATTORNEY FOR APPELLEES TEXAS DEPARTMENT OF INSURANCE – DIVISION OF WORKERS' COMPENSATION, AND DWC COMMISSIONER JEFF NELSON

September 10, 2025

## IDENTITY OF PARTIES AND COUNSEL

*Plaintiff/Appellant:*

Dr. Eric Vanderwerff, D.C.

*Counsel:*

Bradley Dean McClellan
Law Office of Brad McClellan
2904 Bowman Avenue
Austin, Texas 78703

*Defendants/Appellees:*

Texas Department of Insurance – Division of Workers' Compensation, and DWC Commissioner Jeff Nelson, in his official capacity[1]

*Counsel before the Appellate Court and the Trial Court:*

Lauren McGee
State Bar No. 24128835
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

*Counsel before SOAH:*

Andres Dura
State Bar No. 24079799
Tyrus Housh
State Bar No. 24101932
Division of Workers' Compensation
Texas Department of Insurance
7551 Metro Center Drive, Suite 100, MS-11
Austin, Texas 78744-1645

---

[1] This case was captioned by Dr. Vanderwerff, and listed Defendants as Texas Department of Insurance-Division of Workers' Compensation, DWC, and DWC Commissioner Jeff Nelson, in his official capacity. Texas Department of Insurance-Division of Workers' Compensation and DWC are the same entity.

# REFERENCES TO THE RECORD AND ABBREVIATIONS

| | |
|---|---|
| App. Br. [page] | Dr. Vanderwerff's Appellate Brief |
| A.R. DWC [page] | Administrative Record |
| Dr. Vanderwerff | Dr. Eric Vanderwerff, D.C., Appellant |
| Appellees | Collectively TDI-DWC and Commissioner Jeff Nelson, in his official capacity |
| CDO | Cease and Desist Order |
| C.R. [page] | Clerk's Record |
| Commissioner | Commissioner of the Texas Division of Insurance-Division of Workers' Compensation |
| Commissioner's Order | Final Decision Order issued by Commissioner Jeff Nelson on June 23, 2023 |
| Final Judgment | Final Judgment issued by Judge Karin Crump on December 19, 2024 |
| Pl. DC. Br. [page] | Dr. Vanderwerff's District Court Merits Brief |
| SOAH | State Office of Administrative Hearings |
| TBCE | Texas Board of Chiropractic Examiners |
| TDI-DWC | Texas Division of Insurance-Division of Workers' Compensation |
| Tr. [page]: [lines] | Hearing Transcript (A.R. DWC 1554-1768) |
| TWCA | Texas Workers' Compensation Act |

# TABLE OF CONTENTS

Identity of Parties and Counsel ...................................................................ii

References to the Record and Abbreviations .......................................... iii

Table of Contents ....................................................................................iv

Index of Authorities.................................................................................vi

Statement of the Case ..............................................................................ix

Statement on Oral Argument ....................................................................x

Issues Presented........................................................................................x

    1.    Whether the Appellees had jurisdiction to take disciplinary action and seek administrative penalties against Dr. Vanderwerff for violations of the Texas Workers' Compensation Act (TWCA)........................................................x

    2.    Whether there was substantial evidence to support the finding that Dr. Vanderwerff committed administrative violations by treating patients, billing for services, and completing work status reports for patients in the workers' compensation system without a valid license, and violated the Commissioner's CDO............................................x

    3.    Whether the district court properly denied Dr. Vanderwerff's Uniform Declaratory Judgment Act (UDJA) and ultra vires claims. ..............................................................x

Statement of Facts ...................................................................................1

Standard of Review ..................................................................................3

Summary of the Argument .......................................................................6

Argument...................................................................................................9

    I.    Appellees had jurisdiction to take disciplinary action and seek administrative penalties against Dr. Vanderwerff for

violations of the TWCA..............................................................9

II.    There is more than substantial evidence to support the finding that Dr. Vanderwerff committed administrative violations by billing and treating patients and by submitting work status reports for patients in the workers' compensation system without a valid license and the finding that he violated the Commissioner's CDO...........11

A. Dr. Vanderwerff did *not* have a valid chiropractic license from October 1, 2020, through June 25, 2021. ....................................11

B. Paying the renewal fee plus the late fee does not retroactively validate a license. ....................................................................13

C. Dr. Vanderwerff violated the TWCA and the CDO. ...............15

III.   The Court properly denied Dr. Vanderwerff's UDJA and *ultra vires* claims. ....................................................................19

A. UDJA....................................................................................19

B. *Ultra Vires* Claim................................................................23

Conclusion & Prayer ..........................................................................23

Certificate of Compliance...................................................................26

Certificate of Service ..........................................................................27

# INDEX OF AUTHORITIES

## Cases

*City of Brownsville v. Alvarado,*
897 S.W.2d 750 (Tex. 1995) ....................................................................6

*City of El Paso v. Heinrich,*
284 S.W.3d 366 (Tex. 2009) .................................................................23

*City of El Paso v. Pub. Util. Comm'n,*
883 S.W.2d 179 (Tex. 1994) ....................................................................5

*Davis v. Morath,*
624 S.W.3d 215 (Tex. 2021) ....................................................................6

*Edinburg Consol. Indep. Sch. Dist. v. Esparza,*
603 S.W.3d 468 (Tex. App.—Corpus Christi-Edinburg 2020, no
pet.)..................................................................................................... 4, 6

*Entergy Tex., Inc. v. Pub. Util Comm'n,*
490 S.W.3d 224 (Tex. App.—Austin 2016, pet. denied) .......................6

*Froemming v. Tex. St. Bd. of Dental Exam'rs,*
380 S.W.3d 787 (Tex. App.—Austin 2012, no pet.) ......................... 4, 5

*Garst v. Reagan,*
No. 03-13-00243-CV, 2014 WL 902554 (Tex. App.—Austin, Mar
6, 2014, no pet.) (mem. op.)...................................................................21

*Granek v. Tex. St. Bd. of Med. Exam'rs,*
172 S.W.3d 761 (Tex. App.—Austin 2005, no pet.) .............................5

*Hammack v. Pub. Util. Comm'n,*
131 S.W.3d 713 (Tex. App.—Austin 2004, pet. denied) (internal
quotation marks omitted) .......................................................................4

*McLane Co. v. Tex. Alcoholic Bev. Comm'n,*
514 S.W.3d 871 (Tex. App.—Austin 2019, pet. denied) .....................20

*N.E. Indep. Sch. Dist. v. Riou,*
598 S.W.3d 243 (Tex. 2020) .................................................................3, 6

*Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43
(Tex. 1998) .................................................................................. 6

*Patel v. Tex. Dep't of Licensing & Regulation*,
469 S.W.3d 69 (Tex. 2015) ........................................................ 21

*Peaster Indep. Sch. Dist. v. Glodfelty*,
63 S.W.3d 1 (Tex. App.—Fort Worth 2001, no pet.) ............................ 4

*Personal Care Prods., Inc. v. Smith*,
578 S.W.3d 262 (Tex. App.—Austin 2019, no pet.) ............................ 5

*Pierce v. Tex. Racing Comm'n*,
212 S.W.3d 745 (Tex. App.—Austin 2006, pet. denied) ...................... 4

*Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*,
145 S.W.3d 170 (Tex. 2004) ........................................................ 4

*Tex. Dep't of State Health Servs. v. Balquinta*,
429 S.W.3d 726 (Tex. App.—Austin 2014, pet dism'd) ...................... 20

*Tex. Health Facilities Comm'n v. Charter Med.—Dall.*,
665 S.W.2d 446 (Tex. 1984) ..................................................... 4, 5

**Statutes**

Tex. Civ. Prac. & Rem. Code § 37.004(a) ............................................. 20

Tex. Gov't Code § 2001.171 ............................................................. 21

Tex. Lab. Code § 401.011(17) ........................................................ 1, 2

Tex. Lab. Code § 401.011(21)(A), (17) ......................................... 8, 10, 16

Tex. Lab. Code § 402.001 ........................................................... 7, 10

Tex. Lab. Code § 415.021(a) ............................................................ 19

Tex. Lab. Code § 415.0211(b), (c) ....................................................... 7

Tex. Lab. Code § 415.036 ................................................................. 3

Tex. Occ. Code § 116.003 ..................................................................1

Tex. Occ. Code § 201.354(d) .............................................................22

Tex. Occ. Code § 256.001 ..................................................................14

Tex. Occ. Code § 257.002(b) ..............................................................14

Tex. Occ. Code § 801.303(a) ..............................................................15

**Other Authorities**

Tex. Att'y Gen Op. No. GA-0064 (2003) ...........................................11

**Rules**

22 Tex. Admin. Code § 72.14(a) ..........................................................1

22 Tex. Admin. Code § 72.14(a), (e) ....................................................8

22 Tex. Admin. Code § 72.14(c) ...........................................................1

22 Tex. Admin. Code § 72.14(e) ............................................ 12, 13, 15

22 Tex. Admin. Code § 72.14(g) .........................................................12

22 Tex. Admin. Code § 73.1(d), (f), (h) ................................................1

22 Tex. Admin. Code § 74.14(a) .........................................................12

28 Tex. Admin. Code § 129.5 ..........................................................2, 10

Tex. R. App. P. 38.1(g) ........................................................................1

# STATEMENT OF THE CASE

*Nature of the Case:*   Dr. Vanderwerff filed a suit for judicial review to appeal a Cease & Desist Order (CDO) issued by TDI-DWC Commissioner Jeff Nelson (Commissioner). The district court affirmed the Commissioner's Order. C.R. 4-9.

*Trial Court:*   The Honorable Judge Karin Crump, sitting in the 250th Judicial District Court, Travis County, Texas.

*Trial Court Disposition:*   After a hearing on the merits, the Trial Court affirmed the Commissioner's Order in a Final Judgment dated December 19, 2024. C.R. 173-74. Dr. Vanderwerff appealed the judgment. C. R. 200-02.

## STATEMENT ON ORAL ARGUMENT

Appellees do not request oral argument because they have adequately presented the facts and legal arguments in their brief. However, Appellees request an opportunity to participate if oral argument is set by the Court.

## ISSUES PRESENTED

1.      Whether the Appellees had jurisdiction to take disciplinary action and seek administrative penalties against Dr. Vanderwerff for violations of the Texas Workers' Compensation Act (TWCA).

2.      Whether there was substantial evidence to support the finding that Dr. Vanderwerff committed administrative violations by treating patients, billing for services, and completing work status reports for patients in the workers' compensation system without a valid license, and violated the Commissioner's CDO.

3.      Whether the district court properly denied Dr. Vanderwerff's Uniform Declaratory Judgment Act (UDJA) and ultra vires claims.

## STATEMENT OF FACTS

Appellees object to Dr. Vanderwerff's Statement of Facts to the extent it contains copious impermissible arguments in violation of the Texas Rules of Appellate Procedure 38.1(g). Tex. R. App. P. 38.1(g). The Appellees submit the following Statement of Facts, which more accurately and clearly sets out the facts at issue in this case.

The Texas Workers' Compensation Act (TWCA) requires treating doctors to be licensed by the board of the area they practice. Tex. Lab. Code § 401.011(17). Chiropractors must be licensed by the Texas Board of Chiropractic Examiners (TBCE) to treat patients in the workers' compensation system. *Id.* The TBCE requires licensees to renew their chiropractic license every two years. 22 Tex. Admin. Code § 72.14(a). The renewal process requires submitting a renewal form and licensing fee to TBCE and completing continuing education courses and required training on human trafficking. Tex. Occ. Code § 116.003; 22 Tex. Admin. Code § 73.1(d), (f), (h); 22 Tex. Admin. Code § 72.14(c); Tr. 01581:25-01582:5.

Dr. Eric Vanderwerff, D.C. (Dr. Vanderwerff), is a chiropractor licensed by the TBCE. A.R. DWC 01200. His chiropractic license expired

on October 1, 2020, and was not renewed until June 25, 2021. A.R. DWC 01201 ("Effective Date: June 25, 2021"); A.R. DWC 02817, Tr. 01584:22-01585:3. From October 1, 2020, until June 25, 2021, Dr. Vanderwerff continued to provide care to workers' compensation patients, bill those patients, and submit work status reports in violation of the TWCA. A.R. DWC 01280-01294; Tex. Lab. Code § 401.011(17); 28 Tex. Admin. Code § 129.5.

The Commissioner of Texas Division of Insurance-Division of Workers' Compensation (TDI-DWC) signed a cease and desist order (CDO) on December 21, 2020, ordering Dr. Vanderwerff to cease and desist from "[p]roviding health care services in the Texas workers' compensation system, including serving as a treating doctor, until he notifies DWC that the Texas Board of Chiropractic Examiners has allowed him to practice chiropractic medicine." A.R. DWC 01193-01196. Nonetheless, Dr. Vanderwerff continued to provide and bill for chiropractic services for patients in the workers' compensation system despite having an expired chiropractic license and despite a cease and desist order enjoining him from doing so. A.R. DWC 00352, 02117.

Because Dr. Vanderwerff ignored and violated the cease and desist

order, TDI-DWC filed a complaint with the State Office of Administrative Hearings (SOAH) on May 10, 2021, seeking administrative penalties allowed by Texas Labor Code section 415.021(a). A.R. DWC 03066. After notice and hearing, TDI-DWC adopted the final Proposal for Decision assessing a total of $12,000 in penalties against Dr. Vanderwerff: $10,000 for violating the TWCA and $2,000 for violating the cease and desist order. *Id.* Dr. Vanderwerff appealed this decision in a suit for judicial review to the Travis County District Court, which affirmed the agency's decision. C.R. 4-9. Dr. Vanderwerff has now appealed to this Court. C.R. 200-02.

## STANDARD OF REVIEW

The standard of review for the appeal of a commissioner order is substantial evidence. Tex. Lab. Code § 415.036. As the Texas Supreme Court recognizes, substantial evidence review is a "limited" review that is "highly deferential" to the agency's decision. *N.E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 251 (Tex. 2020). This court must presume the Commissioner's decision is supported by substantial evidence. Dr. Vanderwerff, as the party appealing it, has the burden to prove otherwise. *Froemming v. Tex. St. Bd. of Dental Exam'rs*, 380 S.W.3d 787,

791 (Tex. App.—Austin 2012, no pet.) (citing *Tex. Health Facilities Comm'n v. Charter Med.—Dall.*, 665 S.W.2d 446, 452 (Tex. 1984)). And a reviewing court may not substitute its judgment for that of the agency on questions committed to the agency's discretion. *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 197 (Tex. 2004); *Pierce v. Tex. Racing Comm'n*, 212 S.W.3d 745, 751 (Tex. App.— Austin 2006, pet. denied). The term "substantial evidence" can be something of a misnomer in the context of an administrative appeal, in that "substantial" evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Edinburg Consol. Indep. Sch. Dist. v. Esparza*, 603 S.W.3d 468, 478 (Tex. App.— Corpus Christi-Edinburg 2020, no pet.) (quoting *Hammack v. Pub. Util. Comm'n*, 131 S.W.3d 713, 725 (Tex. App.—Austin 2004, pet. denied) (internal quotation marks omitted)). "Substantial evidence" is a "term of art in the area of review of administrative decisions," asking whether "the record demonstrates a reasonable basis" for the agency's decision. *Peaster Indep. Sch. Dist. v. Glodfelty*, 63 S.W.3d 1, 5 (Tex. App.—Fort Worth 2001, no pet.); *Riou*, 598 S.W.3d at 251.

Under the substantial evidence standard, "the test is not whether…the [Commissioner] reached the correct conclusion, but whether the agency's factual findings are reasonable 'in light of evidence from which they are purportedly inferred." *Froemming*, 380 S.W.3d at 790 (citing *Granek v. Tex. St. Bd. of Med. Exam'rs*, 172 S.W.3d 761, 778 (Tex. App.—Austin 2005, no pet.)). Therefore, the substantial evidence standard requires only "more than a scintilla" of evidence to affirm an agency's decision. *Personal Care Prods., Inc. v. Smith*, 578 S.W.3d 262, 266 (Tex. App.—Austin 2019, no pet.).

Further, if the evidence is that reasonable minds could have reached the conclusion that was adopted by the Commissioner, it must be affirmed. *City of El Paso v. Pub. Util. Comm'n*, 883 S.W.2d 179, 186 (Tex. 1994); *Charter Med.—Dall.*, 665 S.W.2d at 453. Likewise, if the evidence would support either affirmative or negative findings on a specific matter, a reviewing court must uphold an agency's decision. *Charter Med.—Dall, Inc.*, 665 S.W.2d at 453. And significantly, "[a] reviewing court is not bound by the reasons given in an agency order, provided there is a valid basis for the action taken by the agency." *Entergy Tex., Inc. v. Pub. Util Comm'n*, 490 S.W.3d 224, 228 (Tex. App.—

Austin 2016, pet. denied).

"If, based on the evidence as a whole, reasonable minds could have reached the same conclusion as the [Commissioner], then [the Commissioner's] decision is supported by substantial evidence." *Edinburg*, 603 S.W.3d at 478. If the Commissioner's decision is "reasonable," it satisfies the substantial evidence standard. *Riou*, 598 S.W.3d at 251.

Questions of law are reviewed de novo. *Davis v. Morath*, 624 S.W.3d 215, 221 (Tex. 2021).

The standard of review for whether a district court erred in denying Dr. Vanderwerff's claims for *ultra vires* action and declaratory judgment under the UDJA is abuse of discretion. "A trial court abuses its discretion when it rules 'without regard for any guiding rules or principles.'" *Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35 (Tex. 1998) (citing *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995)).

## SUMMARY OF THE ARGUMENT

Appellees object to Dr. Vanderwerff's attempt to challenge the cease and desist order now. App. Br. 18, 22, 27. An individual subject to a CDO

has 30 days after receiving the order to request a hearing contesting the order. Tex. Lab. Code § 415.0211(b), (c). The CDO was signed on December 21, 2020. A.R. DWC 01193. Dr. Vanderwerff received the CDO via certified mail on December 28, 2020. A.R. DWC 01322, 01398. A courtesy copy was provided to Dr. Vanderwerff's counsel on December 22, 2020. A.R. DWC 01322. Dr. Vanderwerff received the cease and desist order almost five years ago. Attempting to challenge it years later is improper, and Appellees ask the Court not to consider Dr. Vanderwerff's arguments on the CDO.

Dr. Vanderwerff misrepresents the issues in this case. Appellees have never taken or attempted to take enforcement action against Dr. Vanderwerff's chiropractic license, which is under the jurisdiction of the TBCE. Appellees took enforcement action in the form of a CDO and sought administrative penalties against Dr. Vanderwerff for violations of the TWCA, which Appellees are statutorily charged with enforcing. Tex. Lab. Code § 402.001.

There is more than substantial evidence to support the Commissioner's decision. The TWCA requires treating doctors, such as Dr. Vanderwerff, to be licensed in the field they practice. Tex. Lab. Code

§ 401.011(21)(A), (17). If a treating doctor does not hold a valid, current license, the doctor cannot treat patients in the workers' compensation system. *Id.* Dr. Vanderwerff disregarded this requirement and treated patients in the workers' compensation system while his license was expired. A.R. DWC 00352, 02117.

Appellees did not make any determination as to the validity or invalidity of Dr. Vanderwerff's license because, as he points out, that is under the exclusive jurisdiction of TBCE. TDI-DWC relied on the TBCE, which, through rule 22 Texas Administrative Code section 72.14, determined that licensees who fail to renew their license every two years on or before the first day of their birth month shall be considered by the Board as practicing without a license." 22 Tex. Admin. Code § 72.14(a), (e). The fact that Dr. Vanderwerff eventually completed the renewal requirements and paid the fee does not make his license effective retroactively.

Dr. Vanderwerff's actions between October 1, 2020, and June 25, 2021, while his license was expired, violated the TWCA, and the Appellees had the authority to take enforcement action.

## ARGUMENT

Dr. Vanderwerff's brief is poorly organized and contains redundant arguments. Appellees are responding in the most organized manner possible to what they believe are the arguments brought by Dr. Vanderwerff.

**I.  Appellees had jurisdiction to take disciplinary action and seek administrative penalties against Dr. Vanderwerff for violations of the TWCA.**

Dr. Vanderwerff argues Appellees "acted without any jurisdiction and exceeded their statutory authority in pursuing and enforcing processional licensure matters against [Dr. Vanderwerff]." App. Br. 19. He repeatedly points out that TBCE has exclusive jurisdiction over chiropractic licenses and disciplinary actions taken to enforce licensure requirements. This argument is unfounded as Appellees did not pursue or enforce any professional licensure matter against Dr. Vanderwerff.

Appellees agree that TBCE is solely responsible for the licensure of chiropractors, which includes disciplinary actions taken for license violations. Appellees' authority to issue a CDO and seek administrative penalties against Dr. Vanderwerff comes from the TWCA, which Appellees are statutorily mandated to administer. Tex. Lab. Code §

402.001.

The TWCA requires medical professionals treating patients in the workers' compensation system to be licensed by the board that oversees their profession. See Tex. Lab. Code § 401.011(21)(A), (17). It is a violation of the TWCA for a medical professional to treat a patient in the workers' compensation system without a valid license. *Id.*

As explained in detail below in Section IIA, Dr. Vanderwerff's chiropractic license expired on October 1, 2020, and he did not complete the renewal process until June 25, 2021. A.R. DWC 1201, A.R. DWC 02817, Tr. 01584:22-01585:3. Despite not having a valid chiropractic license, Dr. Vanderwerff continued to bill, treat patients, and submit work status reports for patients in the workers' compensation system in violation of the TWCA. A.R. DWC 01280-01294; Tex. Lab. Code § 401.011(21)(A), (17); 28 Tex. Admin. Code § 129.5.

Pursuant to the authority granted in Texas Labor Code section 415.0211, DWC issued an ex parte emergency CDO demanding Dr. Vanderwerff stop treating patients in the workers' compensation system until his license is valid. A.R. DWC 01193-01196. The CDO was signed on December 21, 2020. *Id.* Dr. Vanderwerff continued to bill and treat

patients and to submit work status reports for patients in the workers' compensation system even after he received the CDO.

Appellees' authority to take action under TWCA is in no way related to the licensing authority the TBCE has under the Texas Occupations Code. Appellees can enforce violations of the TWCA regardless of what actions the TBCE may or may not take against a licensee. *See* Tex. Att'y Gen Op. No. GA-0064 (2003).

The redundant argument that Appellees lacked jurisdiction to take action against Dr. Vanderwerff's license is misplaced because Appellees did not take action against his license. Appellees took action against his violations of the TWCA over which they have jurisdiction.

**II. There is more than substantial evidence to support the finding that Dr. Vanderwerff committed administrative violations by billing and treating patients and by submitting work status reports for patients in the workers' compensation system without a valid license and the finding that he violated the Commissioner's CDO.**

**A. Dr. Vanderwerff did *not* have a valid chiropractic license from October 1, 2020, through June 25, 2021.**

Dr. Vanderwerff repeatedly argues that "under the law and TBCE rules he was authorized to practice and that his full two-year license term was successfully renewed during the first year of his two-year license in

compliance with the express statutory terms, with payment covering the entire two year period." App. Br. 18-19. This argument does not align with the law.

TBCE rule section 72.14(a) states, "[a] licensee shall renew a license every two years on or before the first day of the licensee's birth month." 22 Tex. Admin. Code § 74.14(a). Section 72.14(e) goes on to specify "[a] licensee who fails to renew a license under subsection (a) of this section shall be considered by the Board as practicing without a license and subject to disciplinary action." 22 Tex. Admin. Code § 72.14(e).

TBCE rules allow a licensee to renew his or her license within one year after expiration by complying with all renewal requirements and paying a late fee. 22 Tex. Admin. Code § 72.14(g). Dr. Vanderwerff's chiropractic license expired on October 1, 2020. Tr. 01584:15-21; A.R. DWC 03067 at 9. Dr. Vanderwerff did not complete the continuing education requirements required for license renewal until January 2021 and did not complete the human trafficking course required by Texas Occupations Code section 116.003 until June 2021. A.R. DWC 01230; A.R. DWC 01371.[2] The required renewal fee and late fee were paid on

_____

[2] Dr. Vanderwerff completed two CLE courses in January 2021. Credits from those

June 25, 2021. Dr. Vanderwerff did not complete all requirements to renew his chiropractic license until June 25, 2021. *Id.*

According to TBCE's rule, because Dr. Vanderwerff did not complete all renewal requirements by October 1, 2020, his license expired on that date, and he was considered by TBCE to be practicing without a license. 22 Tex. Admin. Code § 72.14(e).

## B. Paying the renewal fee plus the late fee does not retroactively validate a license.

Dr. Vanderwerff argues that the Texas Legislature provided chiropractors a grace period that allows them to continue practicing so long as they pay the renewal fee and late fee within the first year after the license expires. App. Br. 17, 19. This is incorrect.

The purpose of licensing medical professionals is to ensure those who treat patients have a minimum level of education, training, and skill, and to ensure there is a mechanism to hold professionals accountable if they cease to meet professional standards. Allowing a medical professional to practice without a valid license during a "grace period" puts the public at risk for several reasons. First, medical professionals

___

courses were applied to the previous year's deficit. Tr. 01587:11-01588:7.

who intend to renew their licenses could change their minds during the one-year "grace period" and decide not to renew their licenses. This results in an unlicensed medical professional treating patients.

Second, license renewal is one mechanism by which state regulatory agencies, such as TBCE, protect the public. Administration of a license renewal process helps an agency enforce standards and respond to violations of those standards.

Dr. Vanderwerff's argument that practicing with an expired license is common practice among licensed professions is untrue. App. Br. 20. Dentists licensed by the State Board of Dental Examiners must have a current license to practice. Tex. Occ. Code § 256.001. Texas Occupations Code section 257.002(b) states, "[a] person who is otherwise eligible to renew a license may renew an unexpired license by paying the required renewal fee to the board before the expiration date of the license. A person whose license has expired may not engage in activities that require a license until the license has been renewed." Tex. Occ. Code § 257.002(b). A Doctor of Veterinary Medicine licensed by the State Board of Veterinary Medical Examiners whose license has expired is similarly prohibited from engaging in activities requiring that license until it is

renewed. Tex. Occ. Code § 801.303(a). Most importantly, TBCE's own rules explicitly state "[a] licensee who fails to renew a license under subsection (a) of this section shall be considered by the Board as practicing without a license and subject to disciplinary action." 22 Tex. Admin. Code § 72.14(e).

Dr. Vanderwerff paid the fee for the entire two-year renewal period plus a late fee; however, that did not change the fact that when he practiced chiropractic medicine between October 1, 2020, and June 25, 2021, his license was not valid. As such, he could not treat patients in the workers' compensation system during that time.

Appellees have not taken action against Dr. Vanderwerff for the treatment of his patients who were not part of the workers' compensation system, though it is clear that treatment violated TBCE rules. *Id.* Appellees only acted under the authority of the TWCA, which authorized them to issue a CDO prohibiting Dr. Vanderwerff from treating patients in the workers' compensation system until TBCE allowed him to practice chiropractic medicine.

## C. Dr. Vanderwerff violated the TWCA and the CDO.

TWCA requires medical professionals treating patients in the

workers' compensation system to be licensed by the board that oversees their field of practice. Tex. Lab. Code § 401.011(21)(A), (17). As explained above in Section IIA, Dr. Vanderwerff's chiropractic license expired on October 1, 2020, and was not renewed until June 25, 2021. Tr. 01584:15-21; A.R. DWC 03067 at 9. Between October 1, 2020, and December 2020, he treated 24 patients in the workers' compensation system, signed and filed work status reports, and submitted medical bills for care he was not authorized to provide. A.R. DWC 01280-01294; A.R. DWC 00472, 00501, 00997, 01247, 01342, 01343.

Pursuant to the authority granted by Texas Labor Code section 415.0211, the Commissioner issued an ex parte cease and desist order requiring that Dr. Vanderwerff "immediately cease and desist from the following: providing health care services in the Texas workers' compensation system, including serving as a treating doctor, until he notifies DWC that the Texas Board of Chiropractic Examiners has allowed him to practice chiropractic medicine."[3] A.R. DWC 11196.

The CDO was signed by Commissioner Brown on December 21,

---

[3] Cassie Brown was DWC Commissioner at the time the CDO was issued in 2020. Jeff Nelson is the current DWC Commissioner.

2020, mailed to Dr. Vanderwerff via Certified Mail Return Receipt Requested on December 22, 2020, and delivered December 28, 2020. A.R. DWC 01322, 01398. A courtesy copy of the CDO was also provided to Dr. Vanderwerff's attorney on December 22, 2020. A.R. DWC 01322.

Dr. Vanderwerff violated the CDO twice. First, he treated Patient 4 on February 4, 2021. A.R. DWC 00352. Second, he treated Patient 8 on June 29, 2021. A.R. DWC 02117. While Dr. Vanderwerff's license was renewed on June 25, 2021, the CDO prohibited him from "[providing health care services in the Texas workers' compensation system, including serving as a treating doctor, until he notifies DWC that the Texas Board of Chiropractic Examiners has allowed him to practice chiropractic medicine." A.R. DWC 01196. As of June 29, 2021, Dr. Vanderwerff had not notified DWC that TBCE allowed him to practice chiropractic medicine. As such, he violated the CDO a second time.

Based on Dr. Vanderwerff's failure to comply with the CDO, the Appellees filed a complaint with SOAH seeking administrative penalties as permitted by Texas Labor Code section 415.021(a). A.R. DWC 00002-00011.

Sarah Matthews, Director of Licensing for TBCE, testified at the

SOAH hearing. She testified that Dr. Vanderwerff's 2018-2020 chiropractic license expired on October 1, 2020. Tr. 01584:15-21; A.R. DWC 03067 at 9. After October 1, 2020, Dr. Vanderwerff did not have a valid chiropractic license and could not practice chiropractic medicine in Texas. Tr. 01584:22-01585:3. Ms. Matthews testified that Dr. Vanderwerff did not renew his license until June 25, 2021, which is when his license became valid again. Tr. 01596:2-14; A.R. DWC 03070 at 33. From October 1, 2020, through December 21, 2020, Dr. Vanderwerff provided care to 24 patients in the workers' compensation system on 262 separate occasions. A.R. DWC 03068 at 12. Between October 1, 2020, through June 25, 2021, Dr. Vanderwerff billed $121,314.89 for chiropractic services provided to workers' compensation patients. A.R. DWC 02869-02883; A.R. DWC 00305. Completing a work status report without a valid license can affect the income benefits an injured worker receives. Tr. 01657:15-01658:6; A.R. DWC 03068 at 17.

There is more than substantial evidence to show that Dr. Vanderwerff violated the TWCA by treating patients and by billing and submitting work status reports for patients in the workers' compensation system without a valid license. As such, Appellees had statutory

authority to impose administrative penalties. Tex. Lab. Code §
415.021(a).

## III. The Court properly denied Dr. Vanderwerff's UDJA and *ultra vires* claims.

Dr. Vanderwerff's claims, tacked onto a suit for judicial review in an attempt to get attorney's fees, were properly denied because they are barred by sovereign immunity. Even if Dr. Vanderwerff could identify a valid waiver of sovereign immunity for the UDJA and *ultra vires* claims, which he cannot because none exists, the relief he seeks is barred by sovereign immunity.

### A. UDJA

It is unclear from his appellate brief what declarations Dr. Vanderwerff is asking this Court to make. Appellees surmise the declarations are the same as those sought at the district court level, which include: (1) "TBCE cannot take any action because Dr. Vanderwerff, within the one year grace period for two year license renewal and neither can the DWC, and the Doctor did everything he needed to do including paying the Legislature mandated only higher renewal fee for up to one year for chiropractors who miss the pre-license period deadline for whatever reason with even 'good cause' being needed";

(2) "every chiropractor has the [sic] up to the end of the first year of their two year licenses to renew the license with only an additional fee required and not even good cause being needed"; and (3) "the DWC and the DWC Commissioner who has acted *ultra vires* and without authority beyond his jurisdiction along with DWC employees acting beyond their jurisdiction, have no authority to restrict or attempt to inhibit chiropractic treatment services of Doctor of Chiropractic Medicine or take any action on the licensure matter which is exclusively assigned to another state agency, the TBCE." Pl. DC. Br. 12-13.

"The UDJA provides that '[a] person…whose rights, status, or other legal relations are affected by a statute…may have determined any question of construction or validity arising under the…statute…and obtain a declaration of rights, status, or other legal relations thereunder.'" *McLane Co. v. Tex. Alcoholic Bev. Comm'n*, 514 S.W.3d 871, 875 (Tex. App.—Austin 2019, pet. denied), Tex. Civ. Prac. & Rem. Code § 37.004(a). "Furthermore, 'a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit.'" *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 746 (Tex. App.—Austin 2014, pet dism'd). "Under the redundant remedies

doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels." *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 79 (Tex. 2015). "Declaratory judgment [cannot be used] to settle disputes already pending before the court." *Garst v. Reagan*, No. 03-13-00243-CV, 2014 WL 902554, at *4 (Tex. App.—Austin, Mar 6, 2014, no pet.) (mem. op.).

Dr. Vanderwerff alleges Appellees acted *ultra vires* by acting outside of their jurisdiction. This same issue was brought before SOAH, and the ALJ determined there was sufficient evidence to find that Dr. Vanderwerff violated the TWCA, and that administrative penalty was proper. A.R. DWC 03063-03066. Dr. Vanderwerff is appealing the Appellees' decision in a suit for judicial review, which is the correct mechanism for appealing an agency decision after a contested case. Tex. Gov't Code § 2001.171.

Claims brought by Dr. Vanderwerff under the UDJA are redundant of those brought in the suit for judicial review and are barred by the redundant remedies doctrine.

Dr. Vanderwerff's first request for declaration involves DWC and TBCE, who is not a party to this case. The court cannot make

declarations regarding TBCE if it is not before the court to defend itself. Additionally, the Texas Occupations Code states "[i]f a person's license has been expired for more than 90 days but less than one year, the person may renew the license by paying to the board a renewal fee that is equal to two times the renewal fee set by the board under Section 201.153(a)." Tex. Occ. Code § 201.354(d). Section 201.153(a) already states that a chiropractor whose license has been expired for less than a year can renew the license by paying an increased fee. A declaration by the Court would just be declaring what is already in the statute.

Dr. Vanderwerff's second request for declaration that "every chiropractor has the [sic] up to the end of the first year of their two year licenses to renew the license with only an additional fee required and not even good cause being needed" suffers from a similar flaw. The declaration Dr. Vanderwerff is seeking is already codified in Texas Occupations Code § 201.354(d).

Dr. Vanderwerff's third request for declaration, that "[t]he DWC and the DWC Commissioner who has acted *ultra vires* and without authority beyond his jurisdiction along with DWC employees acting beyond their jurisdiction, have no authority to restrict or attempt to

inhibit chiropractic treatment services of Doctor of Chiropractic Medicine or take any action on the licensure matter which is exclusively assigned to another state agency, the TBCE" is barred by the redundant remedies doctrine as the requested relief is one that, if successful, Dr. Vanderwerff can obtain in the underlying suit for judicial review under the APA.

## B. *Ultra Vires* Claim

Dr. Vanderwerff alleges Appellees acted *ultra vires* by asserting chiropractic licensure authority reserved to the TBCE. App. Br. 46.

*Ultra vires* claims are an exception to sovereign immunity if the complaining party can "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). As explained above in Section (I), Appellees' actions were authorized by the TWCA. Appellees have not taken any actions under chiropractic licensure authority.

## CONCLUSION & PRAYER

Appellees Texas Department of Insurance-Division of Workers' Compensation and DWC Commissioner Jeff Nelson, respectfully request the Court to affirm the district court's Final Judgment affirming the

Commissioner's Order issued to Dr. Vanderwerff because the CDO was properly issued and is supported by substantial evidence. If the Court determines that the CDO contained insufficient detail in its findings and conclusions of law, the Appellees request that the Court remand the case back to the agency for further proceedings, allowing the TDI-DWC to correct its errors.

Appellees request such other and further relief to which they may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Lauren E. McGee*
LAUREN E. MCGEE
State Bar No. 24128835
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
Lauren.McGee@oag.texas.gov

ATTORNEY FOR APPELLEES TEXAS DEPARTMENT OF INSURANCE – DIVISION OF WORKERS' COMPENSATION AND DWC COMMISSIONER JEFF NELSON

# CERTIFICATE OF COMPLIANCE

I certify that the submitted brief complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 4,478. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word for Office 365.

Date: September 10, 2025.

/s/ Lauren McGee
LAUREN MCGEE
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, a true and correct copy of the above and foregoing document has been served to the following party of record via electronic service and/or electronic mail:

Bradley Dean McClellan
State Bar No. 13395980
Law Office of Brad McClellan
2904 Bowman Avenue
Austin, Texas 78703
Tel.: (512) 694-8843
Fax: (512) 564-4284
Brad.McClellan@yahoo.com

*Attorney for Appellant*

/s/ *Lauren McGee*
LAUREN MCGEE
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Foster on behalf of Lauren McGee
Bar No. 24128835
jennifer.foster@oag.texas.gov
Envelope ID: 105463651
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: TDIDWC Appellee Brief
Status as of 9/10/2025 4:38 PM CST

Associated Case Party: Eric Vanderwerff

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brad McClellan | | brad.mcclellan@yahoo.com | 9/10/2025 4:03:55 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jennifer Foster | | Jennifer.Foster@oag.texas.gov | 9/10/2025 4:03:55 PM | SENT |

Associated Case Party: Texas Department of Insurance-Division of Workers Compensation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lauren McGee | | lauren.mcgee@oag.texas.gov | 9/10/2025 4:03:55 PM | SENT |